AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of __New Mexico__

| | |
|---|---|
| United States of America<br>v.<br><br><br><br><br>LOGAN WADE GIBSON<br>*Defendant(s)* | )<br>)<br>)   Case No.  MJ 26-2686 JMR<br>)<br>)<br>)<br>) |

**FILED**
United States District Court
Albuquerque, New Mexico

Erik Paltrow
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  05/30/2026  in the county of _____  in the
District of  New Mexico  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 115(a)(1)(B) | Threatening to Kill a Federal Law Enforcement Officer |

This criminal complaint is based on these facts:

see attached affidavit.

☐ Continued on the attached sheet.

MATTHEW ROPER  Digitally signed by MATTHEW ROPER
Date: 2026.05.30 20:42:07 -06'00'
*Complainant's signature*

Matthew Roper, Special Agent
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☑ Sworn to telephonically and signed electronically.

Date:  05/31/2026

*Judge's signature*

City and state:   Albuquerque, New Mexico

Jennifer M. Rozzoni, U.S. Magistrate Judge
*Printed name and title*

<u>AFFIDAVIT IN SUPPORT OF</u>
<u>CRIMINAL COMPLAINT AND ARREST WARRANT</u>

I, Matthew Roper, being duly sworn, state as follows:

1.      This affidavit is made in support of a Criminal Complaint for LOGAN WADE GIBSON, (hereinafter referred to as "GIBSON"), year of birth 1988.

2.      I am a Special Agent with the FBI and have been so employed since May 2018. I am currently assigned to the Albuquerque Field Office, Gallup Resident Agency (AQ GRA). My primary duties as a Special Agent with the FBI includes investigating federal crimes occurring within our jurisdiction, violent crimes, crimes on within the Federally recognized Indian territories, and narcotic investigations. Prior to joining the FBI I served as a Police Officer in Salt Lake City, UT, where investigated all forms of crime, to include homicides, narcotics violations, robbery, assault and battery, and other crimes. I have gained experience in the conduct of such investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, tribal, state, and federal law enforcement agencies.  As a Federal Agent, I am authorized to investigate violations of the laws of the United States and have authority to execute criminal complaints and search warrants issued under the authority of the United States.

3.      This affidavit is based upon my personal investigation at the scene, as well as information reported to me by other federal, state, tribal, and local law enforcement officers during the course of their official duties. Throughout this affidavit, reference will be made to law enforcement officers. Law enforcement officers are those federal, state, tribal, and local law enforcement officers who have directly participated in this investigation. This affidavit is also based upon information gained from interviews with cooperating citizen witnesses, whose reliability is established separately herein.

4.      Based on my training, experience, and the facts set forth in this affidavit, I believe there is probable cause that violations of 18 U.S.C. § 115(a)(1)(B) – Threatening to Kill a Federal Law Enforcement Officer, have been committed by GIBSON.

5.      Because this affidavit is submitted for the limited purpose of securing authorization for the proposed warrant, I have not included each and every fact known to me concerning this investigation. This affidavit is intended to show that there is sufficient probable cause for the requested arrest warrant.

<u>PROBABLE CAUSE</u>

6.      On May 30, 2026, the Federal Bureau of Investigation (FBI), Albuquerque (AQ), Gallup Resident Agency (GRA), Special Agent (SA) JOHN DOE 1 and SA JOHN DOE 2 were conducting a knock and talk at a residence, located at 29B NHA Hwy 371, Thoreau, NM 87323, on an unrelated case. JOHN DOES 1 AND 2 were wearing plain clothes but had their FBI badges out and around their necks. While attempting to knock on the door, the door was not latched and swung open. JOHN DOE 1 announced that he and JOHN DOE 2 were federal agents but did not observe anyone directly inside and decided to leave and attempt to make contact another day. Before leaving, they decided it would be best if they attempted to secure the front door.

7.      When they approached the front door for the second time, a man, later identified as GIBSON, appeared from behind a wall inside the house and began confronting JOHN DOES 1 and 2. JOHN DOE 1 again identified himself and JOHN DOE 2 as federal agents and attempted to ask GIBSON questions related to their initial purpose for being at the residence. GIBSON responded with statements such as "Get the fuck off my property" and "Get off my property, white boy."

8.      JOHN DOES 1 and 2 decided the best course of action was to deescalate the situation by departing the area. Consequently, JOHN DOES 1 and 2 returned to their vehicle and left the neighborhood. JOHN DOES 1 and 2 pulled into a nearby parking lot to continue their unrelated investigation.

9.      Approximately ten minutes later, GIBSON entered the parking lot driving a blue Ford F-150 (NM LP SCG277) with an unknown second male in the passenger seat. GIBSON pulled up next to JOHN DOES 1 and 2's vehicle with his window rolled down. JOHN DOES 1 and 2 still had their FBI badges out and around their necks. JOHN DOE 1, who was driving, rolled down his window to talk to GIBSON. GIBSON asked, "Are you hunting me?" JOHN DOE 1 responded, "What are you talking about?" GIBSON continued to get agitated and stated, "I'm going to kill you." JOHN DOE 1 advised GIBSON that he was threatening to kill a federal officer. GIBSON responded stating, "I don't care, I'm going to kill both of you."

10.      Prior to GIBSON arriving in the parking lot, JOHN DOE 1 was on the phone with N.S., who stated he could hear someone stating, "I'm going to kill you" and then heard JOHN

DOE 1 advise someone that they were threating a federal officer. N.S. stated that JOHN DOE 1 advised N.S. that he needed to get off the phone and then hung up on SALCIDO.

11.     JOHN DOE 1 again attempted to deescalate the situation by driving to the other side of the parking lot. However, GIBSON followed and pulled up on the passenger side of the vehicle and continued to yell at JOHN DOES 1 and 2. JOHN DOE 1 attempted to leave the parking lot, but before being able to do so, GIBSON pulled up next to the front-passenger window and stated, "I'm going to kill you guys."

12.     JOHN DOES 1 and 2 headed south on NM Hwy 371, and GIBSON continued to follow them. JOHN DOES 1 and 2 then took the on-ramp to the I-40 heading west towards Gallup, NM, with GIBSON following at high rates of speed and keeping less than a car length between himself and JOHN DOE 1's vehicle. JOHN DOE 1 and 2 decided to exit I-40 at mile marker 47, attempting to reduce the dangerous situation on the highway. JOHN DOES 1 and 2 made a right hand turn off the exit but noticed that GIBSON had made a left turn. JOHN DOE 1 and 2 observed GIBSON get back on I-40 heading east back towards the location of the incident.

13.     At all times pertinent to the events described above, JOHN DOE 1 and JOHN DOE 2 were sworn agents with the Federal Bureau of Investigation who were engaged in their official duties. GIBSON's actions interfered with the performance of JOHN DOE 1's and JOHN DOE 2's official duties.

## CONCLUSION

14.     Based on the information set forth in this affidavit, I believe there is probable cause to charge GIBSON with a violation of 18 U.S.C. § 115(a)(1)(B) – Threatening to Kill a Federal Law Enforcement Officer.

15.     Assistant United States Attorney Jack Burkhead has reviewed and approved this affidavit.

I swear that this information is true and correct to the best of my knowledge.

3

Matthew Roper
Special Agent
Federal Bureau of Investigation

ELECTRONICALLY SUBMITTED AND TELEPHONICALLY SWORN ON May 31, 2026.

JENNIFER M. ROZZONI
UNITED STATES MAGISTRATE JUDGE

4